PASIECZNY *v.* BONKOWSKI.

1. LANDLORD AND TENANT—TENANT HOLDING OVER LIABLE FOR DAMAGES.

Tenant who retained possession of store building after expiration of his lease for purpose of advertising his new location is liable to respond in damages to landlord.

As to measure of damages for tenant's failure to surrender possession of rented premises, see annotation in 39 A. L. R. 386.

2. Same—Measure of Damages for Holding Over—Special Damages.

Although, generally, measure of damages for tenant's retaining possession of premises after expiration of lease is reasonable rental for time possession is retained, yet, in proper case, landlord may be entitled to special damages suffered by reason of tenant's failure to surrender premises, independent of rental value.

3. Same—When Landlord Entitled to Special Damages.

Where tenant retained possession after expiration of his lease, for purpose of advertising his new location, although notified that premises had been leased to new tenant, and landlord was compelled to bring summary proceedings to obtain possession, he is entitled to recover special damages in action therefor.

Appeal from Wayne; Boomhower (Xenophon A.), J., presiding. Submitted June 9, 1932. (Docket No. 63, Calendar No. 36,485.) Decided September 16, 1932.

Case by Ignacy Pasieczny against Vincent V. Bonkowski for damages for refusal to surrender premises upon termination of tenancy. Judgment for plaintiff. Defendant appeals. Affirmed.

*A. Tom Pasieczny* and *M. William Kashmerick,* for plaintiff.

*Arthur J. Adams* and *K. D. Gredzinski,* for defendant.

Clark, C. J.   Plaintiff was landlord and defendant tenant under a lease of a store building in Detroit for a term of years, expiring on October 31, 1926. On August 22, 1926, defendant wrote plaintiff that he had bought a building nearby and would remain as his tenant two or three months. Plaintiff notified defendant that he must surrender possession of the premises on or before November 1, 1926,

at expiration of the lease. Defendant conducted a drug store. Plaintiff entered into a new lease with other tenants to use the building for a drug store for a term of years beginning November 1, 1926. Defendant vacated the building for store purposes in September, 1926, but refused to surrender possession, and placed a number of locks on the door and used the windows for advertising his new location. Plaintiff was compelled to institute summary proceedings to obtain possession. Defendant held over without right and against plaintiff's rights. We approve the finding of the trial judge, quoting in part:

"And defendant deliberately kept plaintiff out of possession of his store building after being informed that plaintiff had leased for a period of five years commencing on November 1, 1926, without any right on the part of the defendant, * * * and * * * without right on his part, retained possession of plaintiff's building for the purpose of keeping plaintiff's lessees away from the immediate vicinity as long as possible, and in order to advertise his own business. By so doing, he damaged the plaintiff and should respond therefor."

Plaintiff had judgment in this action in case for damages in a trial without a jury. Defendant has appealed.

The statement of facts disposes of questions raised on the facts, leaving a contention respecting damages, defendant urging that the measure of damages is reasonable rental value for the time the tenant retained possession. True, that is stated to be the general rule. See note 39 A. L. R. 387, in which Michigan cases are cited. But it is also settled that:

"Independently of the damages which are based upon the reasonable rental value of the premises,

the landlord may be entitled, in proper cases, to special damages that he has suffered by reason of the tenant's failure to surrender the premises,"

quoting from note 39 A. L. R. 392, citing Michigan cases, including *Hitchcock* v. *Pratt*, 51 Mich. 263, which case is there reported as holding:

"Where the items of an affirmed judgment were made up of rental value of a store, * * * loss of profits by reason of plaintiff having been prevented from moving into it, increased expense by reason of having had to move into another place temporarily, injury to stock from the extra moving operation and from the unfitness of the temporary place for storage purposes, and expense of the proceedings to get possession of the store, the court held that the item of loss of profits was properly allowed, and overruled a contention that the statute (permitting treble damages) contemplated merely the common-law action of trespass for mesne profits, in which nothing would be recoverable except the damage caused by waste, or some sort of special injury to the premises, the use or rental value, and the costs incurred in recovering possession."

See 2 Tiffany, Landlord and Tenant, p. 1495.

This case is one involving special damages and does not fall under the general rule. The case as briefed calls for no discussion of the items of damages entering into judgment.

We find no error. Affirmed.

MCDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.